IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FARON LAYNE VOISINE, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. CIV-25-277-HE |
| KRIS GOLDY, WARDEN, | ) ) ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

Petitioner Faron Layne Voisine, a federal prisoner, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 and two briefs in support. (ECF Nos. 1, 2 & 6). Ms. Goldy has filed her Response and Petitioner has filed a reply (ECF Nos. 11 & 12). For the reasons set forth below, it is recommended that the Court **DENY** the Petition.

### I.     PROCEDURAL BACKGROUND

On December 20, 2002, Judgment was entered against Mr. Voisine in the Eastern District of Texas in Case No. 4:02-CR-28-ALM-KPJ-1 for: (1) five counts of manufacture or possession with intent to distribute or dispense amphetamine and methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (2) one count of use or carry of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). (ECF No. 11-1:28). For these convictions, the Court sentenced Mr. Voisine to a term of 181 months imprisonment followed by a period of 4 years supervised release. (ECF No. 11-1:30-31). On May 7, 2021, Mr. Voisine was convicted in the Eastern District of Texas in Case No. 4:18-CR-00223-SDJ-KPJ on one count of conspiracy to possess with intent to manufacture

and distribute methamphetamine in violation of 21 U.S.C. §§ 841(b)(1)(B), 846. (ECF No. 11-1:13). For this conviction, the Court sentenced Mr. Voisine to 150 months imprisonment. (ECF No. 11-1:14). Approximately one month later, on June 8, 2021, the Eastern District of Texas found Petitioner guilty of violating the terms of his supervised release in the 2002 criminal case and sentenced him to 8 months imprisonment. *See* ECF No. 11-1:22-23. In doing so, the sentencing judge ordered the 8-month term to "run consecutively from the sentence imposed in Criminal No. 4:18-cr-223, with no additional supervised released to follow." Memorandum Adopting Report and Recommendation of United States Magistrate Judge, *United States v. Voisine*, No. 4:01-CR-028-ALM-KPJ (E.D. Tx. June 8, 2021). In calculating his sentence, and pursuant to 18 U.S.C. § 3584(c), the Bureau of Prisons (BOP) aggregated the two sentences into a single, 158-month sentence. *See* ECF No. 11-1:2, 7; 18 U.S.C. § 3584(c) (stating: "Multiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment.").

## II.  DISMISSAL OF THE PETITION

On March 4, 2025, Mr. Voisine filed the instant Petition, objecting to the calculation and crediting of his sentence by the BOP, arguing that he is entitled to credits under the First Step Act of 2018 (FSA). *See* ECF Nos. 1:6, 2, 6. According to Mr. Voisine, the BOP has improperly aggregated his sentences, which has disqualified him from receiving FSA credits. *See id*. The Court should disagree.

The FSA provides time credits for prisoners who have successfully completed evidence-based recidivism reduction programs. *See* 18 U.S.C. § 3632(d)(4). Under the statute, however, a prisoner is ineligible to receive such credits if he or she "is serving a sentence for a conviction under" particular enumerated statutes, including 18 U.S.C. § 924(c). *See* 18 U.S.C. 3632(d)(4)(D)(xxii). In this case, when the Court imposed Petitioner's 8-month revocation sentence in the 2002 case, the sentence was imposed for violating his supervised release on the original offenses, which included a Section 924(c) offense. *See* 18 U.S.C. § 3583(e)(3). Thus, because petitioner's aggregate sentence of 158 months included a conviction for a Section 924(c) offense, the BOP deemed Petitioner ineligible to receive the FSA credits.

Mr. Voisine challenges the BOP's calculation of his sentence, arguing that because the 8-month sentence was to be served consecutive to the 150 month sentence, he is currently only serving the 150-month sentence, which was imposed for a crime that "is First Step Act eligible." (ECF No. 2:6). Although Mr. Voisine admits that he would not be eligible for FSA credits on the second, 8-month conviction "because of the 18 U.S.C. §924(c) conviction,"[1] he argues that he is not yet serving that conviction because it was ordered to run consecutive to the 150-month sentence, which he is still serving and for which he is eligible to earn FSA credits. *See* ECF Nos. 2:4-9 & 6. Petitioner contends that "the [BOP's] attempt to lump these two sentenced together for First Step Act purpose[s]" violates the Due Process and Equal Protection provisions, as well as the Court's order of

---

[1] (ECF No. 2:6).

the 8-month sentence to run consecutive to the 150-month sentence. (ECF No. 2:6). Mr. Voisine also argues that application of 18 U.S.C. § 3584(c) which allows the BOP to treat multiple sentences in the aggregate for administrative purposes, should not be applied in connection with 18 U.S.C. § 3632(d)(4)(D) regarding which crimes are ineligible for FSA credits. (ECF No. 6-1:8). The Court should disagree.

In *Dahda v. Hudson*, No. 23-3008-JWL, 2023 WL 2815920 (D. Ks. Mar. 7, 2023), the Court considered this precise issue. There, an inmate was sentenced to a term of imprisonment of 90 months, for convictions that included a firearm offense under 18 U.S.C. § 924(c). 2023 WL 2815920 at * 1. The inmate was released from custody in 2010 and began a three-year period of supervised release for that conviction. *Id.* While on supervised release, however, the petitioner violated the terms of the release by committing various drug offenses. *Id.* He was then sentenced to a term of imprisonment of 141 months for the new drug offenses and a consecutive term of 30 months for his original offenses upon revocation of his term of supervised release, for a total sentence of 171 months. *Id.* Because the petitioner's aggregate sentence of 171 months included a conviction that included under Section 924(c), the BOP deemed the petitioner ineligible to receive FSA credits. *Id.*

The inmate challenged that decision by filing a habeas Petition under 28 U.S.C. § 2241, much like Mr. Voisine. *Id.* In rejecting the petitioner's claim that the BOP improperly aggregated his sentences to deny him eligibility for FSA credits due to the Section 924(c) offense, the Court stated:

> Petitioner has cited no instance in which a court has accepted that argument that a prisoner's total sentence must be segregated by offense or by particular prison term for purposes of applying the FSA's eligibility requirements. In fact, the courts that have directly addressed this issue have rejected the argument and ruled in favor of the BOP's position. *See Goodman v. Sage*, 2022 WL 18028148, at *3 (M.D. Pa. Dec. 30, 2022) (noting that this argument has been consistently rejected by courts); *see also Giovinco v. Pullen*, 2023 WL 1928108, at *2-3 (D. Conn. Feb. 10, 2023); *Teed v. Warden*, 2023 WL 1768121, at *2-3 (M.D. Pa. Feb. 3, 2023); *Keeling v. LeMaster*, 2022 WL 17407966, at *2 (E.D. Ky. Dec. 2, 2022), *appeal filed* (6th Cir. Dec. 29, 2022); *Sok v. Eischen*, 2022 WL 17156797, at *2-6 (D. Minn. Oct. 26, 2022), *report and recommendation adopted*, 2022 WL 17128929 (D. Minn. Nov. 22, 2022); *Frommie v. Federal Bur. of Prisons*, 2022 WL 18399537, at *2-5 (D.S.D. Aug. 23, 2022), *report and recommendation adopted*, 2022 WL 18399536 (D.S.D. Nov. 30, 2022).
>
> The Court agrees with the reasoning of these courts, and it therefore rejects petitioner's argument. Most importantly, 18 U.S.C. § 3584(c) provides that "[m]ultiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment." *See id.* Thus, in petitioner's case, his 141-month sentence and his 30-month sentence are treated as a single, aggregate sentence of 171 months. This was the existing law in 2018, when Congress passed the FSA, and thus the FSA's eligibility requirements must be considered in light of that existing statutory scheme. *See Frommie*, 2022 WL 18399537, at *4. Moreover, Section 3584(c) states that this aggregate treatment is for "administrative purposes," but courts have consistently held that the determination of eligibility for credits against a sentence is an administrative function of the BOP under Section 3584(c). *See Sok*, 2022 WL 17156797, *5 (citing cases), *quoted in Giovinco*, 2023 WL 1928108, at *2 (citing cases).

*Id.* at *1-2. In reaching this conclusion, the Court in *Dahda* noted that "[e]ven if [Section 3584] were considered ambiguous, however, the BOP would be entitled to *Chevron* deference on this issue." *Id.* at *2. Affording "*Chevron* deference" simply means that if Congress has enacted a law that does not answer the precise question at issue, the court decides whether the administering agency has filled the statutory gap in a reasonable

way in light of Congress's design. *See Lopez v. Davis*, 531 U.S. 230, 242 (2001) (deferring to BOP's reasonable interpretation of a statute). So, in applying *Chevron* deference as an alternate basis for its findings, the Court found "the BOP's interpretation to be reasonable particularly in light of Section 3584(c)'s requirement that consecutive sentences be treated as a single, aggregate sentence." *Id.* at *2.

In *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024), the United States Supreme Court held that courts need not, and under the Administrative Procedure Act (APA) may not, defer to an agency's interpretation of the law simply because a statute is ambiguous; overruling *Chevron* and thus, any deference it may have afforded. However, Courts that have considered the issue raised by Petitioner issue post-*Dahda* and *Loper* reach the same conclusion—that the BOP's interpretation and application of Section 3584(c) in conjunction with Section 3632(d)(4)(D) is correct and sentences may not be "de-aggregated" for purposes of applying FSA credits.

For example, in *Ellis v. Warden*, FCI Leavenworth, No. 24-3126, 2024 WL 4817501, at *2 (D. Ks. Nov. 18, 2024), a post-*Loper* case, the Court once again visited this issue and rejected the argument, citing *Dahda* with approval and additionally stating:

> Section 3584(c), however, in mandating aggregate treatment for sentences ordered to run consecutively or concurrently, does not make any exception for a case in which the sentences were not imposed at the same time. *See* 18 U.S.C. § 3584(c). To the contrary, subsection (a) of the statute makes its provisions applicable whether the sentences are imposed at the same time or whether a sentence is imposed "on a defendant who is already subject to an undischarged term of imprisonment." *See id.* § 3584(a). Thus, the language of the statute itself defeats petitioner's argument.

2024 WL 4817501, at *3. *See also Tyler v. Garrett*, 2024 WL 5205501, at *1 (8th Cir. 2024) (post-*Loper* case rejecting inmate's argument against aggregating two consecutive sentences, one of which was FSA-credit ineligible, stating: "the BOP correctly treated [the petitioner's] prison terms as a single aggregated sentence for all 3 offenses, and therefore properly denied him eligibility for FSA credits." (citing 18 U.S.C. § 3584(c)).

Although Mr. Voisine argues violations of Equal Protection and Due Process, he makes no actual arguments regarding said claims. Instead, what Petitioner's arguments boil down to are challenges to: (1) the aggregation of his two sentences under Section 3584(c) and (2) the BOP's application of Section 3584(c) to 18 U.S.C. § 3632(d)(4)(D) which, ultimately renders him "ineligible" to receive FSA credits based on the Section 924(c) offense. (ECF Nos. 2 & 6). But the Court should reject Petitioner's claim and conclude, as the Courts did in *Dahda*, *Ellis*, and *Tyler*, that the BOP has properly aggregated his sentences pursuant to Section 3584(c). As a result of the aggregated sentence, which includes a crime of conviction deemed ineligible to receive FSA credits, the Court should reject Mr. Voisine's arguments and deny the Petition.

### III.   RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

For the forgoing reasons, it is recommended that the Court deny the Petition for habeas relief.

Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by **June 16, 2025**, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Petitioner is further advised that failure to make

timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## IV.   STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED on May 28, 2025.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE