IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FARON LAYNE VOISINE, | ) |
| Petitioner, | ) |
| -vs- | ) NO. CIV-25-277-HE |
| KRIS GOLDY, WARDEN, | ) |
| Respondent. | ) |

**ORDER**

Petitioner Faron Layne Voisine, a federal prisoner proceeding *pro se*, filed a 28 U.S.C. § 2241 petition challenging the Bureau of Prisons (BOP) determination that he is ineligible to receive First Step Act (FSA) time credits. The matter was referred by the undersigned to United States Magistrate Judge Shon T. Erwin for preliminary review and for submission of findings and recommendations as to dispositive matters referenced in 28 U.S.C. §§ 636(b)(1)(B) and (C). As ordered by Judge Erwin, respondent Kris Goldy, Warden of the Federal Correctional Institution (FCI) El Reno, filed a response to the § 2241 petition and petitioner replied.

On May 28, 2025, Judge Erwin issued a Report and Recommendation, recommending the court deny the § 2241 petition [Doc. #13]. Specifically, he recommended that the court reject petitioner's arguments and conclude, as the courts did in Dahda v. Hudson, Case No. 23-3008-JWL (D. Kan. March 7, 2023), Ellis v. Warden, FCI Leavenworth, Case No. 24-3126-JWL (D. Kan. Nov. 18, 2024), and Tyler v. Garrett, No. 24-1147, 2024 WL 5205501 (8th Cir. Dec. 24, 2024), that the BOP properly aggregated

his consecutive sentences pursuant to 18 U.S.C. § 3584(c). He further recommended that, because the aggregated sentence included a conviction ineligible for earning FSA time credits (18 U.S.C. §924(c), the court should conclude petitioner is not entitled to receive such credits. *See* 18 U.S.C. § 3632(d)(4)(D).

Petitioner has timely objected to the Report and Recommendation.[1] In accordance with 28 U.S.C. § 636(b)(1), the court has conducted a *de novo* review. The court concludes the objections are without merit.

Petitioner initially objects to consideration of this matter by a magistrate judge, contending he had not consented to its handling by Judge Erwin and that Judge Erwin therefore lacked jurisdiction to decide it. However, petitioner's consent was unnecessary because Judge Erwin did not make a final disposition of petitioner's § 2241 petition. Rather, he issued proposed findings and a recommended disposition pursuant to the court's referral. Section 636(b)(1)(B) of Title 28 of the United States Code specifically authorizes a magistrate judge to submit proposed findings and recommendations in federal habeas cases. Judge Erwin was therefore empowered to issue the Report and Recommendation with respect to the § 2241 petition.

Petitioner also contends that the various authorities relied on by Judge Erwin reflect "Chevron deference" which is no longer appropriate in light of <u>Loper Bright Enterprises v. Raimondo</u>, 603 U.S. 369 (2024). However, the <u>Dahda</u>, <u>Ellis</u>, and <u>Tyler</u> cases did not

---

[1] In addition to his objection, petitioner filed a motion to provide documentary evidence [Doc. Nos. 14 & 15], proffering a BOP news release which he contends supports his position. The motion will be granted and the supplemental information has been considered by the court.

depend on the application of "Chevron deference." As noted by the district judge issuing the orders in Dahda and Ellis, he did not conclude the statutes at issue were ambiguous. Ellis, 2024 WL 4817501, at *3 n. 3. Rather, all the considerations cited in Dahda and by other courts supported the conclusion that the BOP's interpretations of the applicable statutes were correct. *Id*. Likewise, Judge Erwin's recommendation was not based upon applying "Chevron deference."

The court agrees with the analysis of the Dahda, Ellis, and Tyler cases as to the aggregation of sentences and the impact of that aggregation. The weight of circuit authority supports the same result. *See* Rogers v. Hudson, No. CV-24-00409-TUC-JCH (JR), 2025 WL 1181744, at *4 (D. Ariz Feb. 13, 2025) (citing circuit cases); *see also* Teed v. Warden Allenwood FCI Low, No. 23-1181, 2023 WL 4556726, at *3 (3d Cir. July 17, 2023). The court therefore concludes the BOP's aggregation of petitioner's consecutive sentences and its determination of his ineligibility to receive FSA time credits was proper.

Accordingly, the Report and Recommendation [Doc. # 13] is **ADOPTED** and petitioner's § 2241 petition [Doc. #1] is **DENIED**. Petitioner's motion for submission of documentary evidence [Doc. Nos. 14 & 15] is **GRANTED.**

**IT IS SO ORDERED**.

Dated this 17th day of June, 2025.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

3